## JAMES HINDMAN *v.* JAMES LOGAN.

PROCEEDINGS to recover a demand, before a juftice of the peace, who had given judgment for the plaintiff before him, were removed by *certiorari* into the court of *Common Pleas* of *Wafhington* county.

*Rofs*, for the plaintiff in error, filed feven exceptions to the record fent up.

1. It does not ftate the ground of the demand, fo as to be a bar to another fuit for the fame caufe.

2. If there was any caufe of action, it was for rent ; and the title of land muft have come in queftion.

1792.

3. No summons, appearance, or confession of the defendant is stated.

4. The plaintiff exhibited no account, nor sued out a summons, nor directed the justice to issue a summons; the summons was issued by the justice without any authority from him.

5. The justice was interested, and the money was claimed by him; and the name of the plaintiff used without his consent or knowledge.

6. The judgment was entered wrongfully and without evidence.

7. The record is not so full and entire, as it remains before the justice. There is no summons. It is informal, &c.

To establish some of the exceptions, the deposition of the plaintiff in error was offered.

*Young*, for the defendant in error, objected that the witness was interested.

*Dall.* 268, 405.

*Rofs*, cited *Guthrie v. White*, and *Pinchin v. Fry*;—and distinguished between evidence to a court, and evidence to a jury.

The court held the first exception sufficient to reverse the proceedings; and ordered the money to be restored with costs.